## SHERMAN *v.* SHERMAN.

1. APPEAL AND ERROR — CHANCERY PRACTICE — PREMATURE APPEAL.

A claim of appeal and filing bond prior to the settlement of a chancery case is irregular.

2. SAME—MOTION TO DISMISS—WAIVER OF DEFECT.

By taking no steps to procure dismissal of a premature appeal, until after appellant moves for further time for settlement of the case, appellee, who had full knowledge of the facts, waives the irregularity.

3. SAME—FAILURE TO FILE RECORD—DISMISSAL.

Failure to file the record below within 40 days after filing a bond merely having effect to stay proceedings, does not require dismissal of the appeal. Supreme Court Rules 8 and 15. Act No. 243, Pub. Acts 1899.

4. SAME—EXTENSION OF TIME TO SETTLE CASE.

Where complainant is an old man and files his bill to set aside a deed given in consideration of life support, which he alleges he has not received, an extension of time to defendant to settle his case on appeal will be conditioned on payment of a reasonable sum per month for complainant's support.

Bill by John Sherman against John Carr Sherman to set aside a deed. From a decree for complainant, defendant appeals: On motion by defendant for an extension of time to perfect an appeal, and motion by complainant to dismiss said appeal. (Calendar No. 20,995.) Submitted January 24, 1905. Decided February 27, 1905.

*Person & Person,* for complainant.

*Arthur J. Tuttle,* for defendant.

PER CURIAM. The decree in the above-entitled cause was entered by the circuit court for the county of Ingham, in chancery, on the 11th day of October, 1904. The testimony in the suit was taken in open court. The defendant,

John Carr Sherman, filed his claim of appeal in said cause on the 3d day of November, 1904, served the same, and filed his bond on appeal, duly approved by the court, on the 14th day of November, 1904. Soon after the entry of the decree, the defendant applied to the court stenographer for a transcript of the testimony taken in the case, for the purpose of settling the case for appeal. He also paid to the stenographer his fees for transcribing his minutes of the testimony, but, owing to his official duties, the stenographer has been unable to furnish the transcript until late in January, 1905, and after the motions hereinafter referred to. The circuit judge extended the time for a settlement of the case from time to time until the 1st day of February, 1905. The defendant, being unable to settle his case before the court within the statutory period, filed a motion in this court on January 16, 1905, for an order extending the time to make and settle the case for review in this court. On the 23d of January, 1905, the complainant filed his motion in this court to dismiss the defendant's appeal for the reasons that said appeal was prematurely taken, and that the appellant had failed to file the record and proceedings in the court below within 40 days after the filing and approval of the appeal bond, in violation of Rules 8 and 15 of this court.

The showing made by the defendant unquestionably entitles him to an order extending the time for the settlement of the case for review, unless the appeal must be dismissed upon complainant's motion. We do not think that, under the circumstances of this case, complainant's motion should be granted. The practice pursued by defendant in claiming his appeal and filing his bond prior to the settlement of the case was irregular. Complainant knew, however, that defendant was proceeding in good faith, and with the utmost diligence, to procure the testimony for settlement of the case, and that he was obtaining orders from the court extending the time for that purpose. Complainant, knowing of such orders, and permitting them to be entered, and taking no steps to procure the dismissal

of the appeal until defendant made his motion for an extension of time, must be deemed to have waived the right to complain on the ground that the appeal was premature.

Under the provisions of Act No. 243 of the Public Acts of 1899, the motion to dismiss the appeal on the second ground is not well founded. If a bond is required, except to stay proceedings, such bond is not required till after the settlement of the case, and where orders have been regularly entered extending the time for settlement of the case, and the appeal may be perfected later on, it would not be proper to dismiss the appeal because no return has been made after the filing of a bond, which, under the statute, has the effect of staying proceedings merely.

We feel inclined, however, in view of the fact that the complainant is a very old man, and his bill of complaint is founded upon the failure of defendant to furnish him with proper support and maintenance in accordance with the written agreement in pursuance of which he conveyed all of his property to the defendant, to grant defendant's application for an extension of time to settle the case, upon condition that he pay to the complainant for his support and maintenance during the pendency of the appeal the sum of $40 per month from and after the 1st day of February, 1905, and that he give security that he will continue so to do; such security to be approved by the circuit judge. Upon this condition an order will be entered granting an extension of 60 days from and after the 10th day of February, 1905, in which to settle the case on appeal, and the complainant's motion will be denied.